The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Laura Kranfield Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Form 21 Agreement approved by the Industrial Commission on April 8, 1992, and in a Pre-Trial Agreement dated August 9, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Aetna Casualty Surety Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $280.00, yielding a compensation rate of $187.67.
5. The medical records and reports from Dr. David Tomaszek and Dr. Ira Hardy were stipulated into evidence.
6. The undersigned takes judicial notice of the Opinion and Award previously filed in this case on October 5, 1993, by Deputy Commissioner Neill Fuleihan.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was thirty-four years old. He completed the eighth grade in school. Prior to the compensable injury on October 31, 1991, plaintiff had been employed by defendant-employer for approximately nine months as a saw operator.
2. On October 31, 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a specific traumatic incident of the work assigned. The accident occurred after a pack of lumber tilted on a conveyor, and plaintiff lifted the pack of lumber in order to realign it. As he did so, plaintiff felt an immediate burning pain in his low back.
3. On November 19, 1991, Dr. Tom Rand, an orthopedic surgeon, performed a lumbar laminectomy at L5-S1. On February 5, 1992, plaintiff was referred by Dr. Rand to Dr. David Tomaszek, a neurosurgeon, for further evaluation.
4. On June 4, 1992, Dr. Tomaszek performed a two level laminectomy and foraminotomy at L5-S1. Subsequently, plaintiff has undergone physical therapy and other medical treatment at the direction of Dr. Tomaszek.
5. Plaintiff was released by Dr. Tomaszek to return to sedentary work, with restrictions of no continuous or repetitive lifting, twisting, stooping, bending or pushing.
6. Plaintiff attempted to return to work with defendant-employer on February 7, 1994. The job provided by defendant-employer was a quality control job in which the plaintiff checked the angle of cuts made on various pieces of lumber and wood. This job involved bending, twisting, stooping and pushing.
7. Because of significant increased back pain caused by the bending, twisting, stooping and pushing, plaintiff was unable to perform his new job tasks and left work after approximately one hour. He sought further medical treatment from Dr. Tomaszek. In the opinion of the undersigned, plaintiff justifiably refused the work offered by defendant-employer due to the increased pain he experienced with the activities required by the job.
8. In September 1994, while coughing and sneezing, plaintiff experienced increased back pain and increased pain and numbness radiating into his right leg. As a result of the sneezing and coughing episode, plaintiff sustained a recurrent disc rupture at L5-S1. The recurrent disc rupture at L5-S1 was a natural and direct result of the compensable injury by accident on October 31, 1991. The plaintiff's back was not totally healed at the time of the recurrent disc rupture and was weaker than a normal spine.
9. Subsequent to the hearing in this case, in October 1994 Dr. Tomaszek performed fusion surgery. At the time of the taking of plaintiff's deposition on November 17, 1994, he was totally incapacitated from work following the surgery.
10. As a result of the compensable injury by accident on October 31, 1991, plaintiff is unable to return to his regular job with defendant-employer. Although prior to the recurrent disc rupture in September 1994, plaintiff had been released to sedentary work, defendant-employer had not offered plaintiff any work which was within his capacity to earn wages. Subsequent to the recurrent disc rupture in September 1994, plaintiff has been incapacitated from work and incapable of earning wages in any employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On October 31, 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. If an injured employee refuses employment procured for him which is suitable to his capacity, he is not entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Commission such refusal is justified. In the opinion of the undersigned, plaintiff's refusal to accept the employment offered to him by defendant-employer in February, 1994, was justified. N.C. Gen. Stat. § 97-32.
3. The recurrent disc rupture of September 1994, was a direct and natural result of plaintiff's injury by accident on October 31, 1991. See, Heatherly vs. Montgomery Components, Inc.,71 N.C. App. 377, 323 S.E.2d 29 (1984), disc. rev. denied,313 N.C. 329, 327 S.E.2d 890 (1985).
4. As a result of plaintiff's compensable injury by accident on October 31, 1991, and the recurrent disc rupture of September 1994, plaintiff has been temporarily totally disabled since November 1, 1991 to the present, entitling him to compensation at the rate of $187.67 per week beginning November 1, 1991 and continuing until defendant-employer obtains permission from the Industrial Commission to cease said payments. Defendant-employer is entitled to a credit for temporary total disability compensation already paid to plaintiff. N.C. Gen. Stat. § 97-29.
5. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of his compensable injury on October 31, 1991, and the recurrent disc rupture of September 1994, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. Plaintiff's surgery of October 1994, was necessary to effect a cure of, give relief from, or lessen the period of disability from the injury by accident giving rise hereto. The cost of this surgery and all medical treatment related to the recurrent disc rupture shall be included in the approved medical expenses to be paid by defendant-employer. N.C. Gen. Stat. § 97-25 (before amendment).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $187.67 per week beginning November 1, 1991 and continuing until defendant-employer obtains permission from the Industrial Commission to cease said payments. Defendant-employer shall be given a credit for any temporary total disability compensation already paid during this period. Any amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of his compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or to give relief, and will tend to lessen plaintiff's period of disability. The approved medical expenses include the surgery and treatment for the recurrent disc rupture in September 1994.
3. A reasonable attorney's fee of 25% of the compensation due plaintiff under paragraph one of this award is approved for plaintiff's counsel and shall be paid as follows. Twenty-five percent (25%) of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every forth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendant-employer shall pay the costs due this Commission.
 S/ _________________________ CHRYSTAL REDDING STANBACK DEPUTY COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CRS:cs